IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HI-TECH PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD J. WYANT d/b/a MUSCLE LABS USA a/k/a ORDERLEGALSTEROIDS.COM; JOHN DOES 1-10; and JOHN DOE ENTITIES 1-10, | : | CIVIL ACTION NO. 1:16-CV-0639-AT |
| | : | |
| Defendants. | : | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment [Doc. 12]. For the following reasons, the Motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff's Motion for Default Judgment consists of two paragraphs about the posture of this case. The only affidavit offered in support of default judgment also discusses only the posture of the case. Plaintiff's Complaint, which is not verified, alleges that it is the owner of the registration for DIANABOL® dietary supplements and ANAVAR® vitamins and nutritional supplements. (Am. Compl. ¶ 1.) Plaintiff alleges Defendants willfully infringe its trademarks, violating both federal and state law. As a result, Plaintiff contends it is entitled to

treble and punitive damages as well as injunctive relief. Plaintiff seeks damages discovery and a hearing to determine the appropriate amount of damages and scope of injunctive relief.

The legal standard for granting a default judgment in the Eleventh Circuit is as follows:

> When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Because of our "strong policy of determining cases on their merits," however, default judgments are generally disfavored. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted). Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).
>
> Although *Nishimatsu* did not elaborate as to what constitutes "a sufficient basis" for the judgment, we have subsequently interpreted the standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim. *See Wooten v. McDonald Transit Assocs., Inc.*, 775 F.3d 689, 695 (5th Cir. 2015) (stating in the context of a motion for default judgment, "whether a factual allegation is well-pleaded arguably follows the familiar analysis used to evaluate motions to dismiss under Rule 12(b)(6)").
>
> When evaluating a motion to dismiss, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). This plausibility

standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).

S*urtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

While the allegations in the pleadings may well end up being sufficient to support a grant of default judgment, it is difficult for the Court to make that determination based solely on Plaintiff's sparse briefing. Accordingly, the Court **DENIES** Plaintiff's Motion [Doc. 12] **WITHOUT PREJUDICE**. Plaintiff, who is represented by counsel, should submit a revised Motion for Default Judgment no later than October 3, 2016, and must include in that motion legal argument as to why it is entitled to default judgment based either on the well-pleaded allegations in the Complaint or on any other evidence contemporaneously offered in support of the motion.

  **IT IS SO ORDERED** this 1st day of September, 2016.

                _____
                **Amy Totenberg**
                **United States District Judge**