IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HI-TECH PHARMACEUTICALS,          :
INC.,                             :
                                  :
        Plaintiff,                :
                                  :
                                  :
v.                                :          CIVIL ACTION NO.
                                  :          1:16-CV-639-AT
RICHARD J. WYANT d/b/a/           :
MUSCLE LABS USA a/k/a             :
ORDERLEGALSTEROIDS.COM,           :
JOHN DOES 1-10, and JOHN DOE      :
ENTITIES 1-10,                    :
                                  :
        Defendant,                :

## **ORDER**

Pending before the Court are Defendant's Motion to Quash Subpoenas Served by Plaintiff on Non-Parties [Doc. 37]; Defendant's Motion to Set Aside Default, Dismiss, or in the Alternative, Allow Defendant Wyant to Respond to Plaintiff's Complaint ["Motion to Set Aside or Other," Doc. 40]; and Plaintiff's Motion for Leave to File a Surreply [Doc. 45]. Plaintiff has also filed a Motion for Discovery and Order to Show Cause Why Defaulted Defendant and His Counsel Should Not Be Sanctioned [Doc. 51] along with a related Motion for Leave to File Matters under Seal [Doc. 53].

Defendant raised two notable issues in his Motion to Set Aside or Other: (1) whether the Court could exercise personal jurisdiction over Defendant and (2)

Case 1:16-cv-00639-AT   Document 62   Filed 07/27/18   Page 2 of 12

whether Defendant had been properly served with the original Complaint.  Each issue is jurisdictional, meaning the Court would have to dismiss this case if it lacked personal jurisdiction or if Defendant had not been properly served, assuming these defenses had not been waived.  *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  For purposes of clarification, the Court in one Order directed the parties to brief the issue of personal jurisdiction.  (Doc. 48.)  In a separate Order regarding the issue of service of process, the Court directed Defendant to submit any existing documentation showing that he resided at an address other than the one where he was allegedly served, as he claims was the case.  (Doc. 60.)  The Court first addresses these two issues as they may be dispositive of this action.

## I.   Jurisdiction over Defendant

### A. Service of Process

When assessing whether service of process is valid, the Court applies "the standards of proof governing motions to dismiss for lack of personal jurisdiction."  *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (quoting *Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008)).  "As with a challenge to jurisdiction, when service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity."  *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d

2

1134, 1139 (5th Cir. 1980).[1]   More specifically, the burden shifts between the

parties as follows:

> [T]he defendant first bears the burden of producing affidavits that,
> in non-conclusory fashion, demonstrate the absence of
> jurisdiction. . . . The plaintiff then bears the burden of presenting
> "enough evidence to withstand a motion for directed verdict." . . . If
> the plaintiff presents countering evidence, "the court must construe
> all reasonable inferences in favor of the plaintiff." . . . Absent an
> evidentiary hearing, the plaintiff's presentation of sufficient evidence
> to defeat a motion for directed verdict ends the inquiry favorably to
> the plaintiff.

*Lowdon*, 534 F. Supp. 2d at 1360.

Defendant asserts that he was never served with the original Complaint.  In

response to the Court's Order dated July 3, 2018 (Doc. 60), Defendant submitted

his own affidavit and exhibits to show that he lived at an address other than 7427

Eagle Trace, Boardman, Ohio 44512, where Plaintiff allegedly served him on

March 9, 2016.  In his affidavit, Defendant states that he has "continuously" lived

at 418 Steel Street, Youngstown, Ohio 44509 "since approximately January

2016."  (Def.'s Affidavit, Doc. 61-1.)  He represents that his father (also named

Richard Wyant) owns this property, and when Defendant separated from his wife

Gina Wyant in January 2016, his father agreed to allow him to live at the Steel

Street property.  Defendant represents that he does not have a written lease

agreement with his father.  Their agreement was that Defendant would "keep the

carrying charges for the property current," which he states he has.  (*Id.*)

Defendant further states that the water bill is the only utility bill in his name, and

---

[1] Decisions issued by the Fifth Circuit before September 31, 1981 are binding as precedent on this Court.

he attaches a copy of the most recent bill, with the billing date June 11, 2018, addressed to the customer "Richard Wyant." (*Id.*, Ex. B.)  He attaches the most recent bill, as opposed to a bill during the date of service, because he states that he does not keep copies of water bills after they are paid.  Additionally, Defendant describes other documents addressed to his Steel Street address, including checks he wrote to his wife in February and March 2016 (evidence that Plaintiff originally attached to its Response brief for other purposes) and various documents mailed to him by Plaintiff's counsel.

Defendant also submitted his father's affidavit as support.  (*See* Def.'s Father's Affidavit, Doc. 61-2.)  His father states that he has owned the Steel Street property since 2004.  Defendant asked him around January 2016 if he could live there due to marital issues, and his father said he "had no problem with that, as I was happy to help my son." (*Id.*)  His father also stated that there is no written lease with his son; he only asked his son "to keep the carrying charges for the property current," which "[h]e has." (*Id.*)

In contrast, Plaintiff contends that service of process upon Defendant was valid under Federal Rule of Civil Procedure 4(e)(2)(B) – by "leaving a copy . . . at the individual's dwelling or usual place of abode with someone of suitable age and discretion who lives there."[2]  The Affidavit of Service shows that the process

---

[2] "Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: . . .
(2) doing any of the following: . . .

server served the summons and Complaint on Gina Wyant at the Eagle Trace address on March 9, 2016.  Plaintiff submitted additional supporting evidence in its Response to Defendant's Motion.   In particular, Plaintiff argues that Defendant is lying when he states that he has not resided at the Eagle Trace address since at least 2015.  Plaintiff attaches various documents dated between November 24, 2016 and January 30, 2018 in which Defendant had listed his home address as the Eagle Trace address.  The documents include a credit card payment, registrations of corporations with the State of Ohio, a PayPal account, and a bank account, among others.  (Pl.'s Response, Doc. 42 at 3-4.)

On considering all of the evidence before it, the Court finds that Plaintiff casts doubt on Defendant's statement that he has lived at the Steel Street address continuously since January 2016, but only up to a point.  Plaintiff's evidence does not cover the date of service at issue: March 9, 2016.   Rather, Plaintiff's documents date back only as far as November 24, 2016.  In short, Plaintiff has not produced evidence to counter Defendant's evidence that he resided at the Steel Street address instead of the Eagle Trace address in March 2016, when he was allegedly served.

The Court notes that Defendant's sworn statements and supporting evidence do raise some questions.  For example, Defendant asserts that the water bill for the Steel Street property was in his name and that he can only produce the most current bill because he does not keep copies of earlier bills upon paying

---

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; . . ."

them.  But that does not explain why Defendant could not have simply asked the water utility company to provide an earlier copy of a bill.  It is also unclear from the water bill whether it is actually in Defendant's name or his father's name, as the bill only mentions "Richard Wyant" – a name they both share.  Additionally, Defendant's father's affidavit is vaguely worded when discussing Defendant living at the Steel Street address.  Instead of stating explicitly that Defendant lived at the address from January 2016 onward, his father states that Defendant asked to live there around January 2016 and he "had no problem with that."  (Def.'s Father's Affidavit, Doc. 61-2.)  And as mentioned above, Plaintiff's evidence rebuts Defendant's assertion that he lived at the Steel Street address "continuously" since January 2016.

However, these questions or doubts do not rise to the level of overwhelming Defendant's remaining evidence showing that he resided at Steel Street in March 2016.  Though it could have been worded more clearly, Defendant's father's affidavit indicates that Defendant began living at the Steel Street property around January 2016 and that, per the terms of their unwritten agreement, he has kept the carrying charges for the property current since then. Moreover, Defendant points to checks that he wrote to his wife in February and March 2016 that list his address as Steel Street.  This evidence goes directly to the relevant time of service, March 2016, and Plaintiff's evidence has not rebutted it. The Court thus finds that Plaintiff has not carried its ultimate burden of showing that service upon Defendant was valid, even when construing the facts in favor of

Plaintiff.

The inquiry does not end there, though. The Court must now determine whether Defendant waived his service of process defense. Pursuant to Federal Rule of Civil Procedure 12(h)(1), a party may waive its service of process or personal jurisdiction defense if it makes a pre-answer motion under Rule 12 and fails to include such defenses in its motion. Case law also discusses how a party may waive such defenses based on its conduct during litigation.

In its Response to Defendant's Motion, Plaintiff claims that Defendant waived both his service of process and personal jurisdiction defenses based on his litigation conduct (not based on Rule 12(h)). Plaintiff largely relies on the decision in *Reeves v. Yeager* as support for argument. No. 3:06-CV-0054-JTC-AJB, 2007 WL 9653029 (N.D. Ga. Dec. 10, 2007), *report and recommendation adopted*, No. 3:06-CV-54-JTC, 2008 WL 11337991 (N.D. Ga. Feb. 6, 2008), *aff'd*, 298 F. App'x 878 (11th Cir. 2008).

In *Reeves*, the plaintiff improperly served the defendant with the summons and complaint. 2007 WL 9653029, at *9. Aware of the service deficiencies, the defendant simultaneously filed a Rule 12 motion to dismiss and an answer thirty days after the plaintiff had filed the complaint. The defendant did not raise a service of process defense in its Rule 12 motion, but it did raise this defense in its answer. Subsequently, the defendant "actively engaged in the discovery process" and then filed a motion for summary judgment, in which it raised insufficient service as grounds for granting summary judgment. *Id.*

Under Rule 12(h), the court found that the defendant had not waived the service of process defense because the plaintiff still had ninety days to correct the service deficiencies. Accordingly, "the defenses of insufficiency of process and insufficiency of service of process were not yet available to Defendant, and it would have been premature for Defendant to raise these defenses in the [] motion [to dismiss]." *Id.* at *10. The court also reached this conclusion based on the fact that the defendant had "raised the insufficiency of process as a defense in its answer, a responsive pleading." *Id.*

However, the court went on to find that the defendant had in fact waived service of process defense based on its litigation conduct. The court listed two relevant factors to this inquiry: "(1) the length of time that elapses between service of process and defendant's pursuit of its defense; and (2) the extent of involvement in the action by the objecting defendant." *Id.* Turning to the individual defendant's conduct, the court noted:

> [N]early one year passed between the deficient service and defendant's pursuit of the insufficiency of service defense. Also, after Defendant filed an answer, it engaged in extensive discovery with Plaintiff. Defendant sought extensions of discovery on two occasions and engaged in the discovery process by, inter alia, taking Plaintiff's deposition, requesting production of documents, and serving interrogatories.

*Id.* at *11. The court found waiver based on this conduct.

While on point, the *Reeves* decision is distinguishable from this case in key aspects. The Court first discusses the "length of time" factor. In *Reeves*, the defendant *filed an answer* raising the service of process defense, and it then sat

on that defense and engaged in discovery for nearly a year before filing a motion for summary judgment with that defense.  The same is true in the cases cited by *Reeves.  See Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1225 (S.D. Ala. 2006) (filed a motion to dismiss, arguing the service of process defense, approximately four months after filing an answer that first raised that defense); *Rentz v. Swift Transp. Co.*, 185 F.R.D. 693, 694, 701 (M.D. Ga. 1998) (filed a motion for summary judgment related to the service of process defense thirteen months after filing an answer that first raised that defense).

Here, however, Defendant did not formally appear or file any responsive pleading until his Motion to Set Aside Default or Other.  Plaintiff points to Defendant's "correspondence" with the Court, where in one instance he filed an unsigned letter saying he was proceeding *pro se* and that he was never served. (Pl.'s Response, Doc. 42 at 15.)  But this is not a responsive pleading.  Unlike the defendants in the aforementioned cases, it is not as if Defendant was sitting on a defense he had already clearly raised for a long period of time.  Defendant's general statement in an unsigned letter to the Court that he was "never notified/served" does not equate to raising a legal defense in a responsive pleading.  (Doc. 29.)  Indeed, while courts pay attention to the length of time between service of process and the defendant's pursuit of this defense, it may be the case here that Defendant did not even know he had a service of process

defense to pursue until much later.[3]   The Court is not aware of a case, and

Plaintiff does not cite to any, finding that a party waived its service of process or

personal jurisdiction defense without first having filed a responsive pleading that

raises such defenses.

Additionally, Plaintiff points to the second factor: Defendant's

participation in this litigation.  Plaintiff notes that Defendant filed objections to

non-party subpoenas, a motion to quash the subpoenas, and written discovery

responses, and that Defendant also sat for a deposition.  The Court recognizes

that Defendant has participated to some extent in this case, though not to such an

extent to constitute waiver of his jurisdictional defenses.  A comparison with

other cases is instructive.   In *Reeves*, which found waiver, the defendant

affirmatively took the plaintiff's deposition, served discovery requests, and

requested extensions of discovery.  2007 WL 9653029, at *11.  Yet the facts of this

case are more like the facts in *Matthews*, which found no waiver.  In *Matthews*,

the court described the defendant's conduct as "largely passive," as the defendant

had filed "only required documents" (including discovery responses) and had

filed a "lone motion" to extend the time in which it had to sit for a deposition.

431 F. Supp. 2d at 1226.  The court further explained:

---

[3] The Court notes that Plaintiff's citations to Eleventh Circuit cases are also unpersuasive.  None of these decisions held that the defendant had waived the service of process or personal jurisdiction defense based on its litigation conduct alone.  *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1318 (11th Cir. 1990); *Vax-D Med. Techs., LLC v. Texas Spine Med. Ctr.*, 485 F.3d 593, 597 (11th Cir. 2007); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 n.21 (11th Cir. 2009).  Rather, in *Pardazi* and *Vax-D*, the Eleventh Circuit found that the defendants had waived defenses by failing to raise them in their responsive pleadings.  And *Oldfield* discussed waiver only in dicta in a footnote.

> It is uncontroverted that D & M sought no substantive relief from the Court before filing its Motion to Dismiss. It did not notice or take a single deposition. It did not propound discovery requests to anyone. At most, it attended and participated in multiple Rule 23 discovery depositions noticed by other parties. This quantum of participation ranks far below the levels deemed to constitute a waiver. . . .

*Id.*

As in *Matthews*, Defendant sought no substantive relief from this Court before filing the current Motion.  He filed the requisite discovery responses as well as objections to non-party subpoenas and a motion to quash the subpoenas. Though the waiver question is a close call here, the Court finds that the comparisons with *Reeves* and *Matthews* indicate no waiver.  The Court is simply not comfortable finding otherwise on the peculiar set of facts before it.

Thus, the Court concludes that Plaintiff has not carried its burden of establishing valid service of process on Defendant and that Defendant has not waived its service of process defense.  The Court therefore lacks jurisdiction over this matter.

### B. Personal Jurisdiction

The Court need not address Defendant's other argument that the Court lacks personal jurisdiction over him as the Court has already found that it lacks jurisdiction based on invalid service of process.

## II.   Conclusion

For the reasons discussed above, this case is **DISMISSED WITHOUT PREJUDICE** for lack of valid service of process under Rule 4(m).  Plaintiff may

12

re-file this action and attempt valid service on Defendant again if it so chooses.

**IT IS SO ORDERED** this 27th day of July, 2018.


_____
**Amy Totenberg**
**United States District Judge**